GUSTAV W. EYLER
Director, Consumer Protection Branch
MAX J. GOLDMAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 598-5119
    Email:  Max.J.Goldman@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA (SBN 169119)
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4042
    Facsimile: (213) 894-7819
    E-mail: Lisa.Palombo@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-CV-10838 |
| Plaintiff, | COMPLAINT FOR PERMANENT INJUNCTION |
| v. | |
| THOMAS NOWLIN, individually, | |
| Defendant. | |

Plaintiff, the United States of America ("United States"), through its undersigned counsel, hereby sues Thomas Nowlin ("Defendant") and alleges as follows:

## I. INTRODUCTION

1. Starting as early as 2016 and continuing to the present, Defendant has assisted and facilitated a predatory mail and wire fraud scheme that primarily victimizes senior citizens of the United States. Participants in the scheme contact potential victims, falsely claim that those victims have won the lottery, and thereby induce the victims to transmit money to Defendant to account for taxes and fees purportedly associated with victims' falsely promised lottery winnings.

2. The United States seeks to prevent continuing and substantial injury to victims of this fraudulent scheme by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345 to enjoin the ongoing commission of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

## II. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1).

## III. PARTIES

5. Plaintiff is the United States.

6. Defendant is a resident of Camarillo, California. Defendant engaged, and continues to engage, in the conduct described in this Complaint from within the Central District of California.

## IV. DEFENDANT'S ONGOING FRAUDULENT SCHEME

7. Since at least as early as 2016, Defendant has assisted and facilitated a fraud scheme by accepting victim payments and providing participants of the scheme with access to those payments.

///

8. Operators of the fraud scheme engage in a lottery scam. Callers associated with the fraud scheme contact victims, who often are senior citizens, and falsely claim that the victims have won the lottery. Typically, the callers then tell the victims that they need to pay fees and/or taxes allegedly associated with winning the lottery. These claims are false and fraudulent, as the members of the scheme know the victims have not won the lottery and that there is no need for the victims to pay fees and/or taxes associated with winning the lottery.

9. On or about January 6, 2020, the U.S. Postal Inspection Service sent Defendant a letter notifying him that he was facilitating a lottery scam, including accepting or depositing cash, checks, or money orders from others and forwarding those monies to other individuals. The letter further warned that such activity could result in civil or criminal consequences.

10. Despite the letter, Defendant continued to assist and facilitate the fraud scheme. On or about February 11, 2020, United States Postal Inspectors spoke with Defendant, warning him about his continued activity. Defendant signed a letter wherein he was advised that he is facilitating lottery fraud and potential consequences of doing so.

11. Defendant continues to assist and facilitate the fraud scheme by receiving victim payments, and then providing those payments to participants of the scheme

12. Since at least 2016, victims have been harmed by the fraudulent scheme facilitated by Defendant. Defendant plays a critical role in the scheme by receiving victim payments, and then sending the payments, less a payment to himself, to individuals in Jamaica who are engaged in the scheme.

### V.    DEFENDANT'S KNOWLEDGE OF FRAUD

13. Upon information and belief, the United States alleges that Defendant has knowledge that his conduct facilitates a mail and wire fraud scheme.

///

///

## VI. HARM TO CONSUMERS

14. Consumers suffer financial losses from the mail and wire fraud scheme facilitated by Defendant.

15. The scheme disproportionately affects elderly consumers.

16. Absent injunctive relief by this Court, Defendant's conduct will continue to cause injury to consumers.

## VII. THE COURT'S POWER TO GRANT RELIEF
### (18 U.S.C. § 1345 – Injunctive Relief)

17. The United States re-alleges and incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. By reason of the conduct described herein, Defendant violated, is violating, and is about to violate 18 U.S.C. §§ 1341 and 1343 by facilitating a scheme and artifice to defraud and obtain money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, uses the United States mails and interstate or foreign wire communications.

19. Upon a showing that Defendant is committing or about to commit mail or wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future fraudulent conduct and any other action that this Court deems just to prevent a continuing and substantial injury to consumers.

20. As a result of the foregoing, the Court should enjoin Defendant's conduct under 18 U.S.C. § 1345.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the United States requests judgment against Defendant, as follows:

    a. A permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in any lottery scam or money transmitting business; and

     b. Such further relief, including but not limited to equitable relief under the Court's inherent powers, as the Court deems just.

DATED: November 30, 2020     Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS, AUSA
Chief, Civil Division
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LISA A. PALOMBO, AUSA

GUSTAV W. EYLER
Director
Consumer Protection Branch
U.S. Department of Justice, Civil Division

    /s/
MAX J. GOLDMAN
Trial Attorney
Consumer Protection Branch
United States Department of Justice

Attorneys for Plaintiff United States of America